UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VTL-LA TRUST OF VUONG THI LAN-LA FAMILY TRUST YEAR 2005,

Plaintiff,

v.

JERRY BLOOMFIELD; PETE BLOOMFIELD and MAXINE BLOOMFIELD, individually and marital community,

Defendants.

Case No. C05-5779 RJB

**ORDER DENYING DEFENDANTS' MOTION FOR FEES AND COSTS**

This matter comes before the Court on Defendants Pete and Maxine Bloomfield's Motion for Fees and Costs. Dkt. 24. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## FACTUAL AND PROCEDURAL HISTORY

This dispute involves allegations of trespass and removal of trees from real property located in Mason County, Washington. Dkt. 1 at 2. The plaintiff in this action is a family trust, which is the legal owner of the property. Leilani Bloomfield, a beneficiary of the trust, is currently married to Defendant Jerry Bloomfield, though a petition for dissolution of marriage is currently pending before a court in Nevada.

On November 1, 2005, Plaintiff filed a law suit against Defendants in Washington Superior Court for Mason County. Dkt. 1(2). On December 2, 2005, the suit was removed to federal court. *Id.*

According to Plaintiff's Complaint, Defendants Jerry and Pete Bloomfield entered Plaintiff's property without permission, and cut and removed several trees. Dkt. 1(2) at 2. Plaintiff alleges that Defendants Jerry and Pete Bloomfield had knowledge that the property was owned by the trust, and that they intentionally disregarded the trust's property rights by cutting and removing timber without permission. *Id.* at 3. Plaintiff requests damages for trespass, injury to trees, and emotional distress, including treble damages and attorneys' fees under Washington's "unauthorized removal of timber" statute (*See* RCW 64.12.030). *Id.* at 5.

On March 8, 2006, Defendants Pete and Maxine Bloomfield filed a Motion for Summary Judgment. Dkt 15. In their motion, Defendants Pete and Maxine Bloomfield testified that they did not participate in the alleged timber cutting, and argued that Plaintiff had failed to offer any evidence showing their involvement. *Id.* Defendants requested that they be dismissed as defendants in this case. *Id.* On April 24, 2006, the Court granted their motion and dismissed Pete and Maxine Bloomfield as defendants. Dkt. 23. Jerry Bloomfield remains a defendant in this case. In its same Order, the Court denied Defendants Pete and Maxine Bloomfield's motion for attorneys' fees, which was made pursuant to Fed. R. Civ. P. 11(c)(1)(A). *Id.*

In their current motion, Defendants Pete and Maxine Bloomfield request costs and attorneys' fees pursuant to RCW 4.84.010 and RCW 4.84.185. Dkt. 24. Defendants argue that because they prevailed in their summary judgment dismissal, they are entitled to costs under RCW 4.84.010. *Id.* at 3. Defendants further argue that because Plaintiff's case against them was frivolous, Defendants are entitled to attorneys' fees under RCW 4.84.185. *Id.* Defendants request $250 in costs and $6,200 in attorneys' fees. *Id.* at 6.

**DISCUSSION**

Defendants make two separate and distinct arguments in their motion for costs and attorneys' fees. First, Defendants argue that because they prevailed in their Motion for Summary Judgment, they are automatically entitled to their $250 filing fee pursuant to RCW 4.84.010, as well as "statutory attorneys' fees" pursuant to RCW 4.84.080. Under RCW 4.84.010, a prevailing party in a Washington State court is entitled to recover filing fees, costs for service of process, notary fees, reasonable expenses for reports and records entered into evidence, and statutory attorney and witness fees. *See Panorama*, 144 Wn.2d

at 142. Statutory attorneys' fees are further defined as $200 by RCW 4.84.080.

Second, Defendants argue that because the claims against them were frivolous, they are entitled to $6,200 in attorneys' fees pursuant to RCW 4.84.185. Presumably, Defendants cite this second statute because Washington State follows the American rule that attorneys' fees are not recoverable by the prevailing party unless permitted by contract, statute, or some recognized ground in equity. *See e.g. Panorama Vill. Condo. Owners Ass'n Bd. of Dir. v. Allstate Ins. Co.*, 144 Wn.2d 130, 143 (2006). These issues will be discussed in turn as follows:

**A. COSTS AND ATTORNEYS' FEES IN FEDERAL COURT**

In federal court, an award for costs is usually governed by Fed. R. Civ. P. 54(d)(1), which states in pertinent part the following:

> (1) Costs Other than Attorneys' Fees. Except when express provision therefor is made either in a statute of the United States or in these rules, costs other then attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs ...

Under Rule 54(d)(1), a trial judge has wide discretion when deciding whether to award costs. *See Trans Container Serv. (Basel) A.G. v. Security Forwarders, Inc.*, 752 F.2d 483, 488 (9th Cir. 1985) (finding that trial judge can deny costs to a prevailing party in its discretion if it states "reasons"); *K-S-H Plastics, Inc. v. Carolite, Inc.*, 408 F.2d 54, 60 (9th Cir.), *cert. denied*, 396 U.S. 825 (1969) (holding that the "trial court has wide discretion in awarding costs"). Moreover, a federal court can deny costs to a prevailing party for reasons other than punishing misconduct. *See Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 593 (9th Cir. 2000) (overruling *National Info. Serv. Inc. v. TRW, Inc.*, 51 F.3d 1470 (9th Cir. 1995) "to the extent that it held that *only* misconduct may support the denial of costs to a prevailing party").

In most cases, the Court would evaluate a request for costs under these federal standards. When a federal court is exercising diversity jurisdiction, state law controls the substance of the lawsuit while federal law controls the procedure. *See Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167-68 (9th Cir. 1995). In such cases, issues such as costs are generally issues of trial procedure that are governed by federal law. *Id.* When there is a conflict between federal and state costs provisions, such as those found in a state court's code of civil procedure, federal law controls. *Id.* The exception to this rule occurs when state law supplies the basis of a federal court's decision, *and state law makes costs a substantive element*

*of damages*. *See Clausen v. M/V New Carissa*, 339 F.3d 1049, 1064-65 (9th Cir. 2003) (holding that the costs provision in the Oregon "Oil Spill Act" was substantive in nature, and therefore cannot be trumped by federal procedural law). Simply stated, if a claim is brought under a state statute that specifically allows for costs as an element of damages, once a party proves his or her case under that statute, the party is entitled to costs as an element of compensatory damages. *Id.*

An award for attorneys' fees, however, is governed by Fed. R. Civ. P. 54(d)(2), which states in pertinent part the following:

> (2) Attorneys' Fees.
>
> (A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.
>
> (B) Unless otherwise provided by statute or order of the court, the motion ... must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award ...

An award for attorneys' fees generally must be made pursuant to a federal or state statute that authorizes such an award. Where state law governs an action, such as where a federal court exercises diversity jurisdiction, state law also governs a party's request for attorneys' fees. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1024 (9th Cir. 2003); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). Moreover, Washington State follows the American rule that attorneys' fees are not recoverable by the prevailing party unless permitted by contract, statute, or some recognized ground in equity. *See Panorama*, 144 Wn.2d at 143. In sum, when seeking attorneys' fees in a dispute governed by Washington State law, a party must provide a statute of a substantive nature that authorizes such an award.

**B. DEFENDANTS' REQUEST FOR COSTS**

With regard to their request for costs, Defendants' citation of RCW 4.84.010 is not persuasive, and this case does not warrant such an award at this time. RCW 4.84.010 is a subsection of RCW Title 4, which appears to deal primarily if not exclusively with civil procedure for the Washington State court system. A search of federal case law has not revealed *any* cases in which a federal district court has relied solely upon RCW 4.84.010 to award costs. Moreover, Defendants have not cited any authority to suggest that RCW 4.84.010 should be applied in federal court. Therefore, because RCW 4.84.010 is procedural in nature, and does not give rise to a cause of action that makes costs a substantive element of damages,

federal law controls the issue of costs in this case. *See Clausen*, 339 F.3d at 1064-65.

Under Fed. R. Civ. P. 54(d)(1), a trial judge has broad discretion when deciding whether to award costs. *See Trans Container Serv. (Basel) A.G. v. Security Forwarders, Inc.*, 752 F.2d 483, 488 (9th Cir. 1985) (finding that trial judge can deny costs to a prevailing party in its discretion if it states "reasons"). The Court declines to award costs in this matter for the following reasons. First, while Defendants did pay a filing fee of $250 to remove this case to federal court, this fee encompassed all three defendants. The Court has dismissed two defendants, Pete and Maxine Bloomfield, but a third defendant remains and the case is still pending before the Court. It would be unreasonable to award the filing fee to two of the defendants under these circumstances. Second, Pete and Maxine Bloomfield have not shown that the filing fee of $250 is burdensome or unusual in this case, and justice does not dictate such an award at this time. Third, because Pete and Maxine Bloomfield (along with Jerry Bloomfield) chose to remove this case from the Washington Superior Court to federal court, it seems fair for them to pay their own filing fee. Therefore, Defendants Pete and Maxine Bloomfield's motion for costs should be denied.

**C. DEFENDANTS' REQUEST FOR ATTORNEYS' FEES**

With regard to Defendants' request for attorneys' fees, Defendants allege that Plaintiff's claims were made without legal and factual basis and were therefore frivolous. Defendants make their request pursuant to RCW 4.84.185, which again appears to deal primarily with civil procedure for the Washington State court system. However, assuming that this statute has a substantive component that authorizes attorneys' fees in this situation, Defendants' request should be denied for the following reasons:

RCW 4.84.185 states that a court contemplating an award of attorneys' fees should "consider all evidence presented at the time of the motion to determine whether the position of the nonprevailing party was frivolous and advanced without a reasonable cause." If a court makes written findings that an action was frivolous and without reasonable cause, then it may require the nonprevailing party to pay reasonable expenses, including attorneys' fees, to the prevailing party. *See* RCW 4.84.185. The entire action must be frivolous for the prevailing party to be awarded attorneys' fees under the statute, and "if any of the claims asserted are not frivolous, then the action is not frivolous." *See Forster v. Pierce County*, 99 Wn. App. 168, 184 (2000).

Here, an examination of Plaintiff's claims reveals that they were not frivolous or advanced without

reasonable cause. The Court carefully deliberated each claim before narrowly dismissing Pete and Maxine Bloomfield as defendants. Pete and Maxine Bloomfield were dismissed primarily because the evidence on the record was not sufficient, when taken as a whole, to support the claims against them. However, according to the record, Jerry Bloomfield admits that he cleared trees from the property in question, though he denies any wrongdoing (Dkt. 15(5) at 2), and Pete Bloomfield admits that he helped move and stack wood that was cut from the property, though he also denies any wrongdoing (Dkt. 15(3) at 2). In sum, Plaintiff's case does not rise to a level of being frivolous pursuant to RCW 4.84.185, and Defendants Pete and Maxine Bloomfield's motion for attorneys' fees should be denied.

**ORDER**

Therefore, it is hereby

**ORDERED** that Defendants Pete and Maxine Bloomfield's Motion for Fees and Costs (Dkt. 24) is **DENIED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 18th day of May, 2006.

Robert J. Bryan
United States District Judge